KENNETH B. FINNEY (Bar No. CA BAR NO. 130989)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: (415) 772-6000
Facsimile: (415) 772-6268

Attorneys for Plaintiff
REDWOOD DAY SCHOOL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

~~OAKLAND~~ DIVISION

| | |
|---|---|
| REDWOOD DAY SCHOOL, a California nonprofit public benefit corporation.<br><br>Plaintiff,<br><br>v.<br><br>EAST BAY MUNICIPAL UTILITIES DISTRICT, a publicly owned municipal utilities district.<br><br>Defendant. | Case No.: C 04-1868 TEH<br><br>**JOINT CASE MANAGEMENT STATEMENT AND** ~~PROPOSED~~ **ORDER**<br><br>Date: July 11, 2005<br>Time: 1:30 p.m.<br>Place: 450 Golden Gate Ave.<br>        Courtroom 12, 19th Floor<br>        San Francisco, CA<br><br>Hon. Thelton E. Henderson |

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and **request the Court to consider continuing the Case Management Conference currently scheduled for July 11, 2005 to a date following August 30, 2005, which is the date the parties anticipate reaching a final settlement of**

1

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

**this litigation.** The parties, through their respective Boards of Directors, have approved a settlement "term sheet" that sets forth material terms of a complete settlement of this litigation. The parties are actively engaged in the preparation of a formal settlement agreement for this matter. Multiple redline versions of the formal settlement agreement have been exchanged and both parties believe they have achieved good progress toward the final form of the settlement agreement. The parties believe that they will shortly reach agreement on the text of the formal settlement agreement. The parties appreciate the patience this Court has shown with their settlement negotiations and respectfully ask for additional time to complete the negotiations. (Please see the **ALTERNATIVE DISPUTE RESOLUTION** section of this Case Management Statement for a description of course of the parties settlement negotiations).

## DESCRIPTION OF THE CASE

1. **A brief description of the events underlying the action:**

The plaintiff, Redwood Day School, owns and operates a kindergarten through eighth grade school at 3245 Sheffield Ave. in Oakland, California (the "Property"). Redwood Day School ("Redwood") alleges that in the course of soil excavation for the construction a new classroom wing and other buildings at the Property, laboratory analytical testing determined that the excavated soil contained levels of constituents of waste oil and the pesticide DDT that were in excess of the levels allowable for disposal of the soil as clean fill at nearby construction sites or at the nearest licensed disposal facility, the Davis Street Transfer Station in San Leandro, California. The closest licensed disposal site permitted to accept soil containing the elevated levels of waste oil and pesticide found in the stockpiled soil was the West Contra Costa Sanitary Landfill in Richmond, California. Redwood alleges that as a result of the waste oil and pesticide contamination of the soil excavated from the Property, it was compelled to pay higher costs for its transport and disposal of the excavated soil than would have been the case if the soil was uncontaminated. The estimated losses to Redwood are in excess of $70,000. Redwood alleges that it did not release, dispose or otherwise deposit in any manner any of the constituents of the soil

contamination found at the Property.

The defendant, East Bay Municipal Utility District, ("EBMUD"), a public agency, owned the Property between approximately 1928 and 1954, when EBMUD sold the Property to the Jewish Welfare Federation. Redwood alleges that during EBMUD's ownership and occupancy of the Property, EBMUD operated a plant nursery on the Property and applied various pesticides, including DDT, on the plants in the nursery. Redwood also alleges that during EBMUD's ownership and occupancy of the Property, EBMUD applied waste oil on the Property to suppress dust. Redwood alleges that EBMUD's disposal and release of metals and pesticide on the Property during its ownership and occupancy of the Property is the cause of the soil contamination currently present on the Property and that EBMUD is liable under Federal and State law to Redwood for the costs of disposing of the contaminated soil at a licensed disposal site permitted to accept such contaminated wastes.

EBMUD and Redwood agreed to share splits of composite soil samples taken on July 12, 2004 from soil mounds on the Property, and to share any data derived from measurements of those samples.

EBMUD caused its split soil samples from the Property to undergo laboratory analytical testing. EBMUD alleges that the results of that testing showed no exceedances of any state or federal health-based contamination limits, and no exceedances of any state or federal hazardous waste limits. EBMUD alleges after reviewing pertinent records, including archival records, and interviewing staff, EBMUD is unaware of any application of DDT or waste oil by EBMUD on the Property during the period from 1928 to 1954. EBMUD alleges that it is unaware of any site investigation, work plan for clean-up, risk-based assessment, establishment of a lead agency, or clean-up by or for Redwood to the Property. EBMUD contends that the very low levels of contamination detected posed no health or safety risk and violated no federal, state, or local law. EBMUD contends that Redwood's recovery of its soil disposal costs is unavailable under CERCLA because the disposal was inconsistent with the National Contingency Plan in that Redwood failed to

provide any opportunity for public comment or participation. EBMUD contends that the petroleum exclusion applicable to Redwood's CERCLA and Hazardous Substance Account Act claims for relief bars recovery of disposal costs related to motor oil-range hydrocarbons. EBMUD further contends that Redwood's second claim for relief under CERCLA section 113 is barred by the recent US Supreme Court decision, <u>Aviall Services, Inc. v. Cooper Industries, Inc.</u>, 543 U.S. ___ (Slip Op. No. 02-1192, Dec. 13, 2004). EBMUD alleges that it is unaware of the uses of, and access to, the Property after EBMUD sold it in 1954.

**2.    The principal factual issues which the parties dispute:**

The factual disputes are principally (i) the levels of contamination present in the soil excavated from the Property, (ii) the sources of any contamination present in soil at the Property, and (iii) whether Redwood's soil disposal complied with the requirements for consistency with the National Contingency Plan under CERCLA.

**3.    The principal legal issues which the parties dispute:**

The principal legal disputes are (i) whether the federal CERCLA statute applies in the circumstances of this case and (ii) whether the elements of the State law causes of action (nuisance, trespass, negligence, equitable indemnity, etc.) are satisfied by the facts of this case.

**4.    The other factual issues *[e.g. service of process, personal jurisdiction, subject matter jurisdiction or venue]* which remain unresolved for the reason stated below and how the parties propose to resolve those issues:**

There are no issues regarding service of process, personal jurisdiction, subject matter jurisdiction or venue.

**5.    The parties which have not been served and the reasons:**

All the parties to the litigation have been served.

**6.    The additional parties which the below-specified parties intend to join and the intended time frame for such joinder:**

None.

4

**7.    The following parties consent to assignment of this case to a United States Magistrate Judge for *[court or jury]* trial:**

This topic was discussed at the Case Management Conference on September 13, 2004 and Judge Thelton E. Henderson decided to retain this case for all purposes and to not assign any aspect of the case to a Magistrate Judge at that time.

## ALTERNATIVE DISPUTE RESOLUTION

**8.    At the Case Management Conference on September 13, 2004, the Court determined that it would appoint a mediator in this case and instructed the parties to meet with the mediator and schedule a mediation session.**

On October 20, 2004, the Court appointed Stewart H. Foreman as the mediator in this case. The parties spoke via conference call with Mr. Foreman on November 10, 2004 and agreed with him to the following mediation schedule:

- January 14, 2005, mediation letter briefs will be exchanged between the parties, and be provided to the mediator, by the close of business.
- January 20, 2005, a mediation session will occur at the offices of the mediator in San Francisco. Client representatives with settlement authority are to attend the session with counsel.

The mediation scheduled for January 20, 2005 occurred with all parties present. The parties and the mediator agreed at the end of that first mediation session that sufficient progress had been made toward possible settlement of the case to warrant the scheduling of a second mediation session. The second session was scheduled, and occurred, at the offices of the Court appointed mediator, Stewart Foreman, on March 9, 2005 at 1:00 pm. The parties and the mediator also participated in an interim conference call on February 16, 2005 at 11:00 am and discussed the progress of the parties' internal discussions about the possible bases of settlement that were discussed at the first mediation.

The Parties reached a tentative settlement accord at the conclusion of the March 9th mediation session. The Parties continued to negotiate the terms of an anticipated final settlement within the terms of the tentative settlement accord. Both Parties submitted the

5

material, tentative terms of a settlement of this litigation to their respective Boards of Directors in the form of a settlement "term sheet," and the Boards of Directors of both parties have approved the settlement "term sheet." The parties have been engaged in preparing and negotiating the text of a formal settlement agreement in this litigation. Multiple redline drafts of the settlement agreement have been exchanged and the parties believe that good progress has be achieved toward the final settlement of this matter. The parties believe that agreement over the text of the settlement agreement will be achieved no later than the end of August 2005.

## DISCLOSURES

**9.     The parties certify that they have made the following disclosures:**

The parties exchanged on September 17, 2004 the disclosures required by FRCP Rule 26(a)(1).

## DISCOVERY

**10.     The parties agree to the following discovery plan:**

This case is not complex, therefore, discovery will occur under the time-lines and procedures of the FRCP and the Local Rules

## TRIAL SCHEDULE

**11.     The parties request a trial date as follows:**

Redwood and EBMUD request a trial date in June or July of 2006.

**12.     The parties expect that the trial:**

Will take two to three days.

Dated: June 24, 2005

_Kenneth Finney_
Kenneth B. Finney
HELLER EHRMAN LLP
Attorneys for Plaintiff
REDWOOD DAY SCHOOL

Dated: June 24, 2005

*Joel Freid*

Joel Freid
Office of General Counsel
EAST BAY MUNICIPAL UTILITY DISTRICT
Attorneys for Defendant
EAST BAY MUNICIPAL UTILITY DISTRICT

## CASE MANAGEMENT ORDER

The Court hereby continues the Case Management Conference scheduled for July 11, 2005 until September 19, 2005, following the completion of the anticipated schedule of settlement negotiations on August 30, 2005.

Dated: June 28, 2005

/s/ THELTON E. HENDERSON
UNITED STATES DISTRICT/~~MAGISTRATE~~
JUDGE

**PROOF OF SERVICE BY ELECTRONIC MAIL**

I, Marissa N. Lara, declare as follows:

I am employed with the law firm of Heller Ehrman LLP, whose address is 333 Bush Street, San Francisco, CA 94104-2878. I am readily familiar with the business practices of this office for electronic mailing; I am over the age of eighteen years and not a party to this action.

On June 24, 2005, I served the following:

**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**

on the below parties in this action by electronic mail on the same day in the ordinary course of business:

East Bay Municipal Utility District
375 11th Street
Oakland, California 94607
Attention:   Joel Freid

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this proof of service was executed on June 24, 2005 at San Francisco, California.

_____
Marissa N. Lara

PROOF OF SERVICE – CASE NO. C 04-1868 TEH