KENNETH B. FINNEY (Bar No. CA BAR NO. 130989)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: (415) 772-6000
Facsimile: (415) 772-6268

Attorneys for Plaintiff
REDWOOD DAY SCHOOL

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

San Francisco ~~OAKLAND~~ DIVISION

| | |
|---|---|
| REDWOOD DAY SCHOOL, a California nonprofit public benefit corporation.<br><br>Plaintiff,<br><br>v.<br><br>EAST BAY MUNICIPAL UTILITIES DISTRICT, a publicly owned municipal utilities district.<br><br>Defendant. | Case No.: C 04-1868 TEH<br><br>**JOINT CASE MANAGEMENT STATEMENT AND** ~~PROPOSED~~ **ORDER**<br><br>Date: September 19, 2005<br>Time: 1:30 p.m.<br>Place: 450 Golden Gate Ave.<br>       Courtroom 12, 19th Floor<br>       San Francisco, CA<br><br>Hon. Thelton E. Henderson |

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and inform this Court that a settlement has been reached between the parties in this litigation. The settlement has been documented in a settlement agreement agreed to by the parties, and by several subordinate documents that are a part of

1
JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

the final settlement that are in the final stages or negotiation and approval. **The parties request the Court to consider continuing the Case Management Conference currently scheduled for September 19, 2005 to a date following October 28, 2005, which is the date the parties anticipate having executed the final settlement of this litigation.** The parties, through there respective Boards of Directors, have approved a settlement agreement that sets forth the terms of the complete settlement of this litigation. The parties are actively engaged in the preparation of certain subordinate documents that are a part of formal settlement agreement for this matter. The parties believe that within the next few days they will reach agreement on the final text of the subordinate documents that form the settlement agreement. The parties appreciate the patience this Court has shown with their settlement negotiations and respectfully ask for additional time to complete the negotiations. (Please see the **ALTERNATIVE DISPUTE RESOLUTION** section of this Case Management Statement for a description of course of the parties settlement negotiations).

**DESCRIPTION OF THE CASE**

1. **A brief description of the events underlying the action:**

The plaintiff, Redwood Day School, owns and operates a kindergarten through eighth grade school at 3245 Sheffield Ave. in Oakland, California (the "Property"). Redwood Day School ("Redwood") alleges that in the course of soil excavation for the construction a new classroom wing and other buildings at the Property, laboratory analytical testing determined that the excavated soil contained levels of constituents of waste oil and the pesticide DDT that were in excess of the levels allowable for disposal of the soil as clean fill at nearby construction sites or at the nearest licensed disposal facility, the Davis Street Transfer Station in San Leandro, California. The closest licensed disposal site permitted to accept soil containing the elevated levels of waste oil and pesticide found in the stockpiled soil was the West Contra Costa Sanitary Landfill in Richmond, California. Redwood alleges that as a result of the waste oil and pesticide contamination of the soil excavated from the Property, it was compelled to pay higher costs for its transport and disposal of the excavated soil than would have been the case if the soil was uncontaminated.

The estimated losses to Redwood are in excess of $70,000. Redwood alleges that it did not release, dispose or otherwise deposit in any manner any of the constituents of the soil contamination found at the Property.

The defendant, East Bay Municipal Utility District, ("EBMUD"), a public agency, owned the Property between approximately 1928 and 1954, when EBMUD sold the Property to the Jewish Welfare Federation. Redwood alleges that during EBMUD's ownership and occupancy of the Property, EBMUD operated a plant nursery on the Property and applied various pesticides, including DDT, on the plants in the nursery. Redwood also alleges that during EBMUD's ownership and occupancy of the Property, EBMUD applied waste oil on the Property to suppress dust. Redwood alleges that EBMUD's disposal and release of metals and pesticide on the Property during its ownership and occupancy of the Property is the cause of the soil contamination currently present on the Property and that EBMUD is liable under Federal and State law to Redwood for the costs of disposing of the contaminated soil at a licensed disposal site permitted to accept such contaminated wastes.

EBMUD and Redwood agreed to share splits of composite soil samples taken on July 12, 2004 from soil mounds on the Property, and to share any data derived from measurements of those samples.

EBMUD caused its split soil samples from the Property to undergo laboratory analytical testing. EBMUD alleges that the results of that testing showed no exceedances of any state or federal health-based contamination limits, and no exceedances of any state or federal hazardous waste limits. EBMUD alleges after reviewing pertinent records, including archival records, and interviewing staff, EBMUD is unaware of any application of DDT or waste oil by EBMUD on the Property during the period from 1928 to 1954. EBMUD alleges that it is unaware of any site investigation, work plan for clean-up, risk-based assessment, establishment of a lead agency, or clean-up by or for Redwood to the Property. EBMUD contends that the very low levels of contamination detected posed no health or safety risk and violated no federal, state, or local law. EBMUD contends that

3

JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND PROPOSED ORDER

Redwood's recovery of its soil disposal costs is unavailable under CERCLA because the disposal was inconsistent with the National Contingency Plan in that Redwood failed to provide any opportunity for public comment or participation.  EBMUD contends that the petroleum exclusion applicable to Redwood's CERCLA and Hazardous Substance Account Act claims for relief bars recovery of disposal costs related to motor oil-range hydrocarbons.  EBMUD further contends that Redwood's second claim for relief under CERCLA section 113 is barred by the recent US Supreme Court decision, <u>Aviall Services, Inc. v. Cooper Industries, Inc.</u>, 543 U.S. ___ (Slip Op. No. 02-1192, Dec. 13, 2004).  EBMUD alleges that it is unaware of the uses of, and access to, the Property after EBMUD sold it in 1954.

**2.     The principal factual issues which the parties dispute:**

The factual disputes are principally (i) the levels of contamination present in the soil excavated from the Property, (ii) the sources of any contamination present in soil at the Property, and (iii) whether Redwood's soil disposal complied with the requirements for consistency with the National Contingency Plan under CERCLA.

**3.     The principal legal issues which the parties dispute:**

The principal legal disputes are (i) whether the federal CERCLA statute applies in the circumstances of this case and (ii) whether the elements of the State law causes of action (nuisance, trespass, negligence, equitable indemnity, etc.) are satisfied by the facts of this case.

**4.     The other factual issues *[e.g. service of process, personal jurisdiction, subject matter jurisdiction or venue]* which remain unresolved for the reason stated below and how the parties propose to resolve those issues:**

There are no issues regarding service of process, personal jurisdiction, subject matter jurisdiction or venue.

**5.     The parties which have not been served and the reasons:**

All the parties to the litigation have been served.

**6.     The additional parties which the below-specified parties intend to join**

4

JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND PROPOSED ORDER

**and the intended time frame for such joinder:**

None.

**7.     The following parties consent to assignment of this case to a United States Magistrate Judge for *[court or jury]* trial:**

This topic was discussed at the Case Management Conference on September 13, 2004 and Judge Thelton E. Henderson decided to retain this case for all purposes and to not assign any aspect of the case to a Magistrate Judge at that time.

## ALTERNATIVE DISPUTE RESOLUTION

8.     At the Case Management Conference on September 13, 2004, the Court determined that it would appoint a mediator in this case and instructed the parties to meet with the mediator and schedule a mediation session.

On October 20, 2004, the Court appointed Stewart H. Foreman as the mediator in this case. The parties spoke via conference call with Mr. Foreman on November 10, 2004 and agreed with him to the following mediation schedule: (i) January 14, 2005, mediation letter briefs will be exchanged between the parties, and be provided to the mediator, by the close of business and (ii) January 20, 2005, a mediation session will occur at the offices of the mediator in San Francisco. Client representatives with settlement authority are to attend the session with counsel.

The mediation scheduled for January 20, 2005 occurred with all parties present. The parties and the mediator agreed at the end of that first mediation session that sufficient progress had been made toward possible settlement of the case to warrant the scheduling of a second mediation session. The second session was scheduled, and occurred, at the offices of the Court appointed mediator, Stewart Foreman, on March 9, 2005 at 1:00 pm. The parties and the mediator also participated in an interim conference call on February 16, 2005 at 11:00 am and discussed the progress of the parties' internal discussions about the possible bases of settlement that were discussed at the first mediation.

The Parties reached a tentative settlement accord at the conclusion of the March 9th mediation session. The Parties continued to negotiate the terms of a possible final

settlement within the terms of the tentative settlement accord. Both Parties submitted a settlement agreement to their respective Boards of Directors, and the Boards of both parties have approved the settlement terms. The parties have been engaged in preparing and negotiating the text of subordinate documents that are part of the formal settlement agreement in this litigation (e.g., a grant deed and exhibits to the settlement agreement). Multiple redline drafts of the subordinate documents have been exchanged and the parties believe that they are within days of achieving a full and final agreement of this matter. The parties believe that the final settlement agreement in this matter will executed no later than late-September, 2005.

## DISCLOSURES

**9.     The parties certify that they have made the following disclosures:**

The parties exchanged on September 17, 2004 the disclosures required by FRCP Rule 26(a)(1).

## DISCOVERY

**10.    The parties agree to the following discovery plan:**

This case is not complex, therefore, discovery will occur under the time-lines and procedures of the FRCP and the Local Rules

## TRIAL SCHEDULE

**11.    The parties request a trial date as follows:**

Redwood and EBMUD request a trial date in June of 2006.

**12.    The parties expect that the trial:**

Will take two to three days.

Dated: September 2, 2005

_Kenneth Finney_
Kenneth B. Finney
HELLER EHRMAN LLP
Attorneys for Plaintiff
REDWOOD DAY SCHOOL

JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND PROPOSED ORDER

Dated: September 2, 2005                               *Joel Freid*

Joel Freid
Office of General Counsel
EAST BAY MUNICIPAL UTILITY DISTRICT
Attorneys for Defendant
EAST BAY MUNICIPAL UTILITY DISTRICT

## CASE MANAGEMENT ORDER

The Court hereby continues the Case Management Conference scheduled for September 19, 2005 until ___November 7___, 2005, following the completion of the anticipated schedule of settlement negotiations on September 30, 2005. In addition the Court orders:

Dated: 09/08/05

UNITED STATES DISTRICT/MAGISTRATE

IT IS SO ORDERED
Judge Thelton E. Henderson

9/2/05 3:26 PM ()